IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:07-CR-304-D |
| | § | |
| ROBERT LOUIS HAWKINS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Robert Louis Hawkins ("Hawkins") moves the court for an appeal bond. Treating the motion as one filed under 18 U.S.C. § 3143(b) for release pending appeal, the court denies the motion for the reasons that follow. *See* Fed. R. App. P. 9(a)(1) and (b).[1]

Section 3143(b) provides that a defendant who has been found guilty of an offense and sentenced to a term of imprisonment *shall* be detained unless the judicial officer finds, *inter alia*, that the appeal raises a substantial question of law or fact.[2] A substantial question of law or fact is one that is nonfrivolous and novel, raising substantial doubt as to the outcome of its resolution, with the defendant required to show that a contrary appellate ruling would more probably than not result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the

---

[1]Under Rule 9(b), the court must comply with the requirements of Rule 9(a). Rule 9(a)(1) provides, in pertinent part, that the court must state in writing the reasons for an order regarding the detention of a defendant in a criminal case.

[2]The court will assume *arguendo* that the other elements of § 3143(b) are irrelevant, i.e., that Hawkins does not pose a danger to the community, is not prosecuting this appeal for purposes of delay, and does not present a risk of flight. If the court were to reach these factors, however, it might also conclude that one or more of them supports denying release on bond pending appeal.

expected duration of the appeal process. *See* § 3143(b)(1)(B)(i)-(iv); *United States v. Valera-Elizondo*, 761 F.2d 1020, 1022-25 (5th Cir. 1985).

To obtain release pending appeal, Hawkins advances two wholly conclusory assertions: that his sentence is the result of "an arithmetic error," and that his former wife is mistreating his son. The second assertion, even if true, is irrelevant. The first assertion—perhaps made in an attempt to come within an exception to Hawkins' appeal waiver—lacks merit. As the court explained during its rulings at sentencing, the advisory guideline range in Hawkins' case exceeded the 60-month statutory maximum, regardless of which of the two approaches the court could have taken in calculating the advisory range. There was no "arithmetic error" involved in calculating the advisory range. In fact, Hawkins benefited significantly under the plea agreement, and it was necessary for the court to establish on the record that it could in fact accept a plea agreement that was so favorable to Hawkins. Hawkins has therefore failed to demonstrate a substantial question of law or fact under the standard explained in *Valera-Elizondo*.

\* \* \*

Hawkins' January 21, 2009 motion for appeal bond is denied.

**SO ORDERED**.

January 21, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE