IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:07-CR-304-D |
| | § | |
| ROBERT LOUIS HAWKINS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Robert Louis Hawkins' ("Hawkins'") February 13, 2009 motion for reconsideration of denial of appeal bond is denied. Treating the motion as one filed under 18 U.S.C. § 3143(b) for release pending appeal, the court denies the motion for the reasons that follow. *See* Fed. R. App. P. 9(a)(1) and (b).[1] In denying the motion, the court incorporates the applicable reasoning contained in its January 21, 2009 memorandum opinion and order denying Hawkins' motion for appeal bond.

I

Section 3143(b) provides that a defendant who has been found guilty of an offense and sentenced to a term of imprisonment *shall* be detained unless the judicial officer finds, *inter alia*, that the appeal raises a substantial question of law or fact.[2] A substantial question of law or fact is one

---

[1] Under Rule 9(b), the court must comply with the requirements of Rule 9(a). Rule 9(a)(1) provides, in pertinent part, that the court must state in writing the reasons for an order regarding the detention of a defendant in a criminal case.

[2] The court will assume *arguendo* that the other elements of § 3143(b) are irrelevant, i.e., that Hawkins does not pose a danger to the community, is not prosecuting this appeal for purposes of delay, and does not present a risk of flight. If the court were to reach these factors, however, it might also conclude that one or more of them supports denying release on bond pending appeal.

that is nonfrivolous and novel, raising substantial doubt as to the outcome of its resolution, with the defendant required to show that a contrary appellate ruling would more probably than not result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *See* § 3143(b)(1)(B)(i)-(iv); *United States v. Valera-Elizondo*, 761 F.2d 1020, 1022-25 (5th Cir. 1985).

II

In his motion for reconsideration, Hawkins now argues that the court erred in applying the cross-reference of U.S.S.G. § 2K2.1(c)(1)(A). But under his plea agreement, Hawkins waived his right to appeal his sentence except, in pertinent part, with respect to a sentence that exceeded the statutory maximum punishment or that was the result of an arithmetic error at sentencing. Sept. 26, 2008 Plea Agreement ¶ 10. The alleged error of which Hawkins is complaining is *not* an arithmetic error. An arithmetic error involves, as the term suggests, an error in arithmetic, i.e., in a mathematical calculation. Hawkins is complaining of an alleged substantive error—improper application of a cross-reference—which is a matter that falls within the appeal waiver and is therefore unavailable to Hawkins as a basis for appeal. If Hawkins' interpretation were correct and the term "arithmetic error" encompassed the issue he now raises, the appeal waiver would be virtually feckless in foreclosing appeals arising from the calculation of the advisory guidelines. Every objection that related to the proper determination of the advisory guideline range would become appealable as an arithmetic error.

Even if the alleged error of which Hawkins complains is not precluded by the appeal waiver, Hawkins has not shown that the court committed reversible error. As the court noted in its January

21, 2009 memorandum opinion and order and explained during its rulings at sentencing, the advisory guideline range in Hawkins' case exceeded the 60-month statutory maximum, regardless of which of the two approaches the court could have taken in calculating the advisory range. Hawkins has therefore failed to demonstrate a substantial question of law or fact under the standard explained in *Valera-Elizondo*.

Finally, it again bears emphasis that Hawkins benefited significantly under the plea agreement, and it was necessary for the court to establish on the record that it could in fact accept a plea agreement that was so favorable to Hawkins.

\* \* \*

Hawkins' February 13, 2009 motion for reconsideration of denial of appeal bond is denied.

**SO ORDERED**.

February 13, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE